**RECEIVED**

| PROB 22 (Rev. 2/88) **AUG 2 5 2006** | TRANSFER OF JURISDICTION | DOCKET NUMBER (Tran. Court) CR-02-N-373-S |
|---|---|---|

**JAMES BONINI, CLERK COLUMBUS, OHIO**

| | | DOCKET NUMBER (Rec. Court) 2:06cr 198 JLG |
|---|---|---|

| NAME AND ADDRESS OF SUPERVISED RELEASEE KEVIN M. LEVISON Columbus, Ohio | DISTRICT ND/AL | DIVISION SOUTHERN |
|---|---|---|
| | NAME OF SENTENCING JUDGE/NAME OF SIGNING JUDGE Honorable Edwin L. Nelson/ Honorable L. Scott Coogler | |
| | DATES OF SUPERVISED RELEASE | FROM 08/01/2006 | TO 07/31/2009 |

OFFENSE
18 U.S.C. §2422 9(b): Use of a Computer and Modem in an attempt to knowingly persuade, induce and entice a person under 18 years of age to engage in sexual activity.

---

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ NORTHERN DISTRICT OF ALABAMA _____

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ SOUTHERN DISTRICT OF OHIO _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

August 17, 2006

_____
Date

124153

_____
L. Scott Coogler
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ SOUTHERN DISTRICT OF OHIO

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

8-29-06
_____
Effective date

_____
United States District Judge

TRUE COPY:

By: _____

AHM/JEP:Aug.2002

02 AUG -1 PM 2: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-02-N-0373-S |
| | ) | |
| KEVIN M. LEVISON | ) | |

## INDICTMENT

**COUNT ONE:**  (18 U.S.C. § 2422(b))

The Grand Jury charges:

That from on or about the 18th day of April, 2002, continuing to on or about the 27th day of July, 2002, within the Northern District of Alabama, the defendant,

**KEVIN M. LEVISON,**

used facilities and means of interstate commerce, that is, a computer and modem accessing an Internet service provider, to attempt to knowingly persuade, induce, and entice a person under 18 years of age, known to the defendant as "Alyssa" , to engage in sexual activity for which any person may be charged with a criminal offense,  in violation of  Title 18, United States Code, Section 2422(b).

A TRUE BILL

*Joe Edward Peers*

FOREMAN OF THE GRAND JURY

ALICE H. MARTIN
United States Attorney

JAMES E. PHILLIPS
Assistant United States Attorney

TRUE COPY:

By: *D. Cooper*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

**FILED**

OCT 7 2002

UNITED STATES DIST?
NORTHERN DISTRICT ...

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-02-N-0373-S |
| | ) | |
| KEVIN LEVISON | ) | |

PLEA AGREEMENT AND CONDITIONS

The United States of America, the Defendant, and Defendant's attorney each hereby acknowledges the following to be the plea agreement between the Defendant and the United States and the conditions and understandings that apply to the agreement:

I.    PLEA AGREEMENT: The United States and the Defendant hereby AGREE to the following:

(a) Plea: The Defendant will plead guilty to the Indictment in the above-styled cause.

(b) Recommendation: Pursuant to Rule 11(e)(1)(B) Fed. R. Crim. P. and upon the Court's acceptance of the aforesaid pleas and entry of judgment on the same, the government will recommend that: The defendant be sentenced at the low end of the sentencing guideline range as determined by the court followed by the maximum term of supervised release to be determined by the court with the following special conditions of supervised release: That the defendant shall not have any unsupervised, one-to-one contact with any children under the age of eighteen; that the defendant shall not engage in any occupation, employment, or volunteer activities which would place him in a position of trust with children under the age of eighteen

other than any of his own; that the defendant register and comply with any then applicable local, state or federal laws dealing with the registration or monitoring of individuals convicted of these offenses; that the defendant not subscribe to or otherwise utilize any online computer services or computer bulletin boards other than those which are connected directly with his employment and used by him for the benefit of his employer;  that the defendant provide the probation officer with complete access to any computer and computer related equipment which the defendant utilizes; and that the defendant allow the probation officer complete access to any photographs or videos in his possession or under his control.

Should the defendant ask the court for a downward departure from the guidelines for any reason, the government will consider this agreement null and void and will not be bound by any of its provisions.

(c) <u>Factual Basis</u>:  The government will state a factual basis for the offenses charged in the Indictment at the time of the plea and reserves full right of allocution as to the facts of the case.  Both the defendant and the government also reserve, consistent with the other terms of this agreement, full right of allocution as to the appropriate guideline characteristics and range.

The defendant agrees and understands that the final sentencing range has not yet been determined and that the range determined by the court may be different from that calculated by the prosecutor, defense counsel, or the probation office.

(d) <u>Restitution</u>:  Payment of restitution may be ordered by the Court as a condition of probation or supervised release.  The Defendant agrees that any restitution imposed by the Court cannot be discharged in whole or in part in any present or future bankruptcy proceeding.  The Defendant understands that the judgment and commitment order from the Court



in this case may be used by the victim in any civil action to recover the amount of their loss. The government is presently unaware of any restitution due.

    (e) <u>Assessment</u>: Upon sentencing, the Defendant will bring to the Clerk's Office a money order or cashier's check in the amount equal to $100.00 for Count One for a total of $100.00, payable to the "Clerk, United States District Court" to pay the special assessment required by Title 18, United States Code, Section 3013.

    II.   <u>CONDITIONS AND UNDERSTANDINGS</u>: The following conditions and understandings apply to the above-stated plea agreement:

<u>POSSIBLE SENTENCES AND THE GUIDELINES</u>

    (1) <u>Maximum Possible Sentences</u>: The Defendant is aware of the maximum possible punishments under each count. The defendant is aware that a sentence could include imprisonment, supervised release terms following imprisonment, fines, assessments, restitution and other costs and losses.

    (2) <u>Special Assessment Fees</u>: The law requires that special assessment fees be imposed.

    (3) <u>Restitution</u>: The Court must consider ordering restitution.

    (4) <u>Guidelines</u>: Congress has created sentencing guidelines which set a sentencing range in this case. These guidelines take into consideration, among other things, the nature and consequences of the offense, the Defendant's role in the offense, other conduct of the Defendant and/or coconspirators relevant to the offense, whether the Defendant has accepted responsibility, whether the Defendant has obstructed justice, and the Defendant's criminal record.

3



The guidelines may require or suggest a variety of punitive measures other than or in addition to simple incarceration.

The Defendant and the Defendant's attorney are aware of the sentencing guidelines and have studied their application to this case. The Defendant is aware that the guidelines can be complicated. The Defendant is further aware that the Court ultimately calculates the guidelines range applicable to this case and is not bound by the Defendant's or the United States Attorney's calculations.

The Court may even decide that the recommended sentence is not within the guidelines range and may not follow the recommendation for that reason. Also, the Court may, for just cause, impose a sentence above or below the guidelines range, even the maximum possible sentence under the law.

(5) Nonbinding: It is the Court's duty to impose sentence. The Court is not a party to the above plea agreement. Any sentence recommendation by the United States does not bind the Court, and the Court may impose a more severe or less severe sentence than that recommended.

(6) Sentencing Information: The United States may make any facts or evidence it deems relevant to sentencing known to the Court.

## WITHDRAWAL OF GUILTY PLEA NOT ALLOWED

If the Court decides not to give the recommended sentence, or decides that the recommended sentence is not within the guidelines range, the Defendant may not withdraw the plea of guilty.

4

## FAMILIARITY WITH CHARGES

The Defendant has read and understands the Indictment, and has discussed the charges and possible defenses with counsel. The Defendant is fully aware of the elements of each count.

## ACKNOWLEDGMENT OF GUILT

The Defendant is pleading guilty to the charges described above because the Defendant is in fact guilty. Should the Defendant move the Court to accept the plea of guilty under the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of nolo contendere, the plea agreement described above will be null and void and the United States will not be bound by any agreement, understanding, provision, or stipulation, express or implied in this document.

## WAIVERS

By pleading guilty the Defendant waives and agrees to waive any and all motions, defenses, objections, or requests which have been made or which could have been made in this case. The Defendant also waives the right to trial by a jury (or by a judge if the Defendant elected to be tried by a judge alone). At any such trial the Defendant would have the right to assistance of counsel, to confront and cross-examine the witnesses against the Defendant, to present evidence on the Defendant's behalf, to compel the attendance of witnesses for the defense, and to testify or refuse to testify.

The United States would have the burden of proving the case against the Defendant beyond a reasonable doubt. The Defendant would be presumed innocent and could only be convicted if a jury of twelve people (or a judge if the Defendant elects to be tried by a judge)

5



unanimously found the Defendant to be guilty beyond a reasonable doubt. The Defendant would

have the right to appeal a guilty verdict. All these rights and protections are hereby waived.

THE DEFENDANT HEREBY WAIVES HIS RIGHT TO APPEAL THE CONVICTION

IN THIS CASE AND ANY SENTENCE IMPOSED WITHIN THE GUIDELINE RANGE AS

DETERMINED BY THE COURT. THE DEFENDANT ALSO WAIVES ANY RIGHT TO

COLLATERALLY ATTACK THE CONVICTIONS OR SENTENCE PURSUANT TO 28 USC

2255 OR ANY OTHER APPLICABLE STATUTE.

## COUNSEL

The Defendant has discussed this case at length with Defendant's counsel. The Defendant

is satisfied with counsel's investigation of the case, exploration of possible defenses, advice and

other representation.

## NONRELIANCE

Other than what is contained in this document, NO PROMISES OR

REPRESENTATIONS HAVE BEEN MADE TO THE DEFENDANT BY THE

PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR

FORCE USED, TO INDUCE THE DEFENDANT TO PLEAD GUILTY. The Defendant is not

relying on any representations from anyone regarding possible parole or release dates. This

document represents the sole agreement and understanding between the Defendant and the

United States.



6

<u>POSTSENTENCE ACTIONS</u>

This document in no way limits any response by the United States to postsentencing actions, including appeals, motions to correct or review sentences, or habeas corpus petitions.

<u>OTHER DISTRICTS AND JURISDICTIONS</u>

This document DOES NOT BIND any other United States Attorney in any other district, nor does it bind state or local authorities.

<u>FORFEITURE AND OTHER CIVIL OR ADMINISTRATIVE PROCEEDINGS</u>

Unless otherwise specified herein, this document in no way applies to or limits any pending or prospective forfeiture or other civil or administrative proceedings.

<u>TAX PROCEEDINGS</u>

Unless otherwise specified herein, this document in no way applies to or limits any pending or prospective proceedings, related to the Defendant's tax liabilities, if any.

<u>COMPETENCE</u>

The Defendant has not had any drugs, medication or alcohol within the past 48 hours except as stated hereafter, and is competent to enter the plea agreement stated above.

### ACKNOWLEDGMENTS

1.  I have READ this document, DISCUSSED it with my attorney, and UNDERSTAND and
    AGREE with all its provisions both individually and totally.

    10/7/02
    _____                    _____
    DATE                                        Defendant

2.  I have discussed this case with the defendant in detail and have advised the Defendant of
    the Defendant's rights and all possible defenses. The Defendant has conveyed to me that
    the Defendant understands this document and consents to all its terms. I believe the plea
    and disposition set forth herein are appropriate under the facts of this case. I concur in
    the entry of the plea as indicated above and on the terms and conditions set forth herein.

    10/7/02
    _____                    _____
    DATE                                        DEFENDANT'S COUNSEL

    I have reviewed this document and agree to its provisions.

                                                ALICE H. MARTIN
                                                United States Attorney

    10/7/02
    _____                    _____
    DATE                                        JAMES E. PHILLIPS
                                                Assistant United States Attorney

    TRUE COPY:

    By: D. Cooper

8

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

03 FEB 13 PH 3: 11
U.S. DISTRICT
N.D. OF ALABAMA

UNITED STATES OF AMERICA

    v.                                        Case Number CR 02-N-373-S

KEVIN M. LEVISON
    Defendant.

**ENTERED**

FEB 1 4 2003

## JUDGMENT IN A CRIMINAL CASE
### (For Offense Committed On or After November 1, 1987)

The defendant, KEVIN M. LEVISON, was represented by J. Stephen Salter.

The defendant pleaded guilty to Count 1. Accordingly, the defendant is adjudged guilty of the following count, involving the indicated offense:

| Title & Section | Nature of Offense | Count Number |
|---|---|---|
| 18 USC 2422(b) | Use of a computer and modem in an attempt to knowingly persuade, induce and entice a person under 18 years of age to engage in sexual activity | 1 |

As pronounced on February 13, 2003, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for Count 1, which shall be due immediately and may be collected in accordance with the Bureau of Prisons Inmate Financial Responsibility Program.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 13th day of February, 2003

KARON OWEN BOWDRE
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 06/23/73
Defendant's address: 748 Kelly Lynn Drive, Anniston, AL 36207

TRUE COPY:

19

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 7

Defendant:  KEVIN M. LEVISON
Case Number:  CR 02-N-373-S

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 46 months.

The Court makes the following recommendations to the Bureau of Prisons: that this defendant be designated to a correctional facility near Columbus, Ohio and further that this defendant be provided mental health counseling and allowed to participate in a Bureau of Prisons substance abuse program.

The defendant shall surrender to the United States marshal for this district or to the institution designated by the Bureau of Prisons by noon on April 3, 2003.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.


_____
United States Marshal

By    _____
Deputy Marshal

Case 2:02-cr-00373-LSC-TMP    Document 19    Filed 02/13/2003    Page 3 of 7

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 7

Defendant:  KEVIN M. LEVISON
Case Number:  CR 02-N-373-S

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without permission of the Court or probation officer.
3) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program if and as directed by the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so), and/or (c) placed in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so).
16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing if the probation officer determines that the defendant has the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) at the direction of the probation officer.
17) The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment, at the direction of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse (with the defendant to contribute to the cost of drug testing if the probation officer determines that the defendant has the ability to do so), (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor with the defendant to contribute to the cost of drug/alcohol treatment if the probation officer determines that the defendant has the ability to do so, (c) placement in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of ninety (90) days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so).

Case 2:02-cr-00373-LSC-TMP     Document 19     Filed 02/13/2003     Page 4 of 7

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 7

Defendant:  KEVIN M. LEVISON
Case Number:  CR 02-N-373-S

## CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

18) The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgement. This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service. The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, as directed by the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

19) The defendant shall cooperate in the collection of DNA if and as directed by the probation officer.

20) If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

Case 2:02-cr-00373-LSC-TMP    Document 19    Filed 02/13/2003    Page 5 of 7

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 7

Defendant:  KEVIN M. LEVISON
Case Number:  CR 02-N-373-S

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall participate, if and as directed by the probation officer, in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) conducted by the probation office (or a comparable program conducted in the district of supervision). (See the Standard Conditions for a brief description of possible terms of such participation.)

2) The defendant shall participate, if and as directed by the probation officer, in such mental health/vocational rehabilitation programs as the officer may direct.  The defendant shall contribute to the cost of mental health treatment if the probation officer determines that the defendant has the ability to do so.

3) The defendant shall not have any unsupervised, one-to-one contact with any children under the age of 18 other than his own children.

4) The defendant shall not engage in any occupation, employment, or volunteer activities which would place him in a position of trust with children under the age of 18.

5) The defendant shall register and comply with all Community Notification Act requirements and any then applicable local, state, or federal law dealing with the monitoring of those convicted of sex-related offenses.

6) The defendant shall provide the probation officer with access to any computer and computer-related equipment that he utilizes.

7) The defendant shall not subscribe to or otherwise use any online computer bulletin boards or chat rooms.

8) The defendant shall not use any online or computer bulletin board service except in the service of his employer, for the benefit of his employer, and through the equipment of his employer.  The defendant shall provide the probation officer with access to the computer and any disks or computer files of his employer for the purpose of verifying their exclusive business use.

9) The defendant shall allow the probation officer access to any photographs and/or video recordings he may possess.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 5 - Fine

Judgment--Page 6 of 7

Defendant:  KEVIN M. LEVISON
Case Number:  CR 02-N-373-S

### FINE

The defendant shall pay a fine of $3,000.00.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

This fine is due and payable immediately and may be collected in accordance with the Bureau of Prisons Inmate Financial Responsibility Program.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. § 3614.

Case 2:02-cr-00373-LSC-TMP    Document 19    Filed 02/13/2003    Page 7 of 7

Page 7 of 7

DFT *Kevin Levison*

CR -02-N-373-S

## STATEMENT OF REASONS

## NOT FOR PUBLIC DISCLOSURE

## YOU WILL RECEIVE A COPY BY MAIL

```
***********************************************************************************************

RUN ON 09/06/06                          FEDERAL COURT SYSTEMS                         PAGE: 1
                                    NORTHERN DISTRICT OF ALABAMA
                                        CASE INQUIRY REPORT

***********************************************************************************************

CASE NO: 2:02-CR-N373     TITLE: USA VS LEVISON

------------------------------------------------------------------------------------------------

DEFENDANT #              ORDERED AMOUNT   AMOUNT PAID    BALANCE DUE     ACCOUNT   PAYMENT TYPE

1   LEVISON, KEVIN          3,100.00        3,100.00         0.00        504100    FINE
1   LEVISON, KEVIN             70.00           70.00         0.00        6855XX    FINE
                         -----------      -----------   -----------
                            3,170.00        3,170.00         0.00


PAYEE                         OWED          PAID                        BALANCE OWED

1    FEDERAL BUREAU OF PRISONS    70.00        70.00                        0.00
                              -----------   -----------                 -----------
                                 70.00        70.00                        0.00


TRANSACTION   RECEIPT/    RECEIPT/   INCREASE/    TYPE OF   ACCOUNT   DEFENDANT     U.S.       COMMERCIAL   OTHER
              VOUCHER     VOUCHER    (DECREASE)   TRANS-    NUMBER    PAYEE/BANK    TREASURY   BANKS
              NUMBER      DATE       CASE BAL     ACTION              NUMBER

RECEIVED   20018654301  01/14/03      100.00      MO       504100       1                                 100.00
RECEIVED   60000705901  08/13/03       25.00      CK       504100       1                                  25.00
RECEIVED   60000760801  10/09/03       25.00      CK       504100       1                                  25.00
RECEIVED   20019761301  11/25/03    2,950.00      CK       504100       1                               2,950.00
RECEIVED   60000811001  12/11/03       35.00      CK       6855XX       1          35.00
DISBURSED  68044- 49    12/15/03      -35.00      CV       6855XX       1         -35.00
RECEIVED   60000849501  01/16/04       35.00      CK       6855XX       1          35.00
DISBURSED  68048-  8    01/22/04      -35.00      CV       6855XX       1         -35.00


*********  CASE SUMMARY *********

TOTAL CASE BALANCE:                   3,100.00

BALANCE IN U.S. TREASURY:                             0.00
CASE DEPOSITORY MAINT. BALANCE :                      0.00

BALANCE IN COMMERCIAL BANKS:                                                        0.00
CASE DEPOSITORY MAINT. BALANCE :                                                    0.00
```

3.100.00

DEPOSITS TO RECEIPT ACCOUNTS:

TYPE OF TRANSACTION:
AD: ADJUSTMENT-388800      AJ: ADJUSTMENT        BV: BANK VOUCHER
BD: DIRECT BANK DEPOSIT    BT: BANK TRANSFER     CC: CREDIT CARD      CH: CASH
CK: CHECK                  CL: COLLATERAL        CN: CONVERSION       CR: CASE REFUND
CV: CASE VOUCHER           DW: DIRECT WITHDRAWL  DV: DEBIT VOUCHER    FF: FORFEITURE
I : INTEREST               MO: MONEY ORDER       TR: TRANSFER         VD: VOID

CLOSED

# U.S. District Court
## Northern District of Alabama (Southern)
## CRIMINAL DOCKET FOR CASE #: 2:02-cr-00373-LSC-TMP-ALL
### Internal Use Only

Case title: USA v. Levison                Date Filed: 08/01/2002

Assigned to: Judge L Scott Coogler
Referred to: US Magistrate Judge T
Michael Putnam

**Defendant**

**Kevin M Levison** (1)              represented by  **J Stephen Salter**
*TERMINATED: 02/13/2003*                           LAW OFFICE OF J STEPHEN
                                                   SALTER
                                                   2107 Fifth Avenue North, Suite 100
                                                   Birmingham, AL 35203
                                                   205-252-9751
                                                   Fax: 205-323-8725
                                                   Email: Salterefile@aol.com
                                                   *TERMINATED: 02/13/2003*
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: Retained*

                                                   **Richard L Thigpen, II**
                                                   Age Herald Building, Suite 100
                                                   2107 5th Avenue North
                                                   Birmingham, AL 35203
                                                   252-9751
                                                   Fax: 323-8725 fax
                                                   *TERMINATED: 02/13/2003*
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: Retained*

**Pending Counts**                   **Disposition**

18:2422(b) COERCION OR               CBP 46 mos; SRT 36 mos; fine
ENTICEMENT OF FEMALE                 $3,000.00; asmt fee $100.00
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                          **Disposition**

None

---

**Plaintiff**

**United States of America**          represented by   **Alice H Martin, US Attorney**
*TERMINATED: 02/13/2003*                                US ATTORNEY'S OFFICE
                                                        1801 4th Avenue North
                                                        Birmingham, AL 35203-2101
                                                        244-2001
                                                        Email: alice.martin@usdoj.gov
                                                        *ATTORNEY TO BE NOTICED*

                                                        **US Marshal**
                                                        UNITED STATES MARSHAL'S
                                                        OFFICE
                                                        Hugo Black Courthouse, Room 240
                                                        1729 5th Avenue, North
                                                        Birmingham, AL 35203
                                                        731-1712
                                                        Email: usms-aln-courts@usdoj.gov
                                                        *ATTORNEY TO BE NOTICED*

                                                        **US Probation**
                                                        UNITED STATES PROBATION
                                                        OFFICE
                                                        Hugo Black Courthouse, Room 201
                                                        1729 5th Avenue, North
                                                        Birmingham, AL 35203
                                                        278-2100
                                                        Email:
                                                        alnpdb_cmecf@alnp.uscourts.gov
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James E Phillips**
                                                        US ATTORNEY'S OFFICE
                                                        1801 4th Avenue North
                                                        Birmingham, AL 35203-2101
                                                        244-2001
                                                        Email: jim.phillips@usdoj.gov
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/01/2002 | 1 | INDICTMENT (referred to Magistrate-Judge T M. Putnam ) filed by USA Counts filed against Kevin M Levison (1) count(s) 1 (Former Employee) (Entered: 08/07/2002) |
| 08/01/2002 | | ADDRESS: 1700 Greenbriar, Deer Road Apt. 106, Anniston, AL 36207 (Former Employee) (Entered: 08/07/2002) |
| 08/01/2002 | | Docket Modification (Utility) LU (Former Employee) (Entered: 08/07/2002) |
| 08/07/2002 | 2 | NOTICE OF ARRAIGNMENT ; set for 9:30 8/15/02 for Kevin M Levison issued cm (Former Employee) (Entered: 08/07/2002) |
| 08/15/2002 | | COURTROOM NOTES ( before Magistrate-Judge T M. Putnam ): ARRAIGNMENT of dft Kevin M Levison ; not guilty plea entered; Attorney Richard L Thigpen II present; Bond ($5,000.00 UNS) and General Order, with S/C, explained and executed CrtRptr Tommy Dempsey (RLD) (Entered: 08/16/2002) |
| 08/15/2002 | 3 | BOND (w/ACKNOW and General Order Setting Conds of Rel) Filed ( $5,000.00 Unsecured) by Kevin M Levison (RLD) (Entered: 08/16/2002) |
| 08/22/2002 | 4 | APPEARANCE for defendant Kevin M Levison by Attorney J Stephen Salter filed (Former Employee) (Entered: 08/26/2002) |
| 08/22/2002 | 5 | REQUEST for disclosure by defendant Kevin M Levison filed cm USA (Former Employee) (Entered: 08/26/2002) |
| 08/26/2002 | 6 | MOTION for order for add'l time within which to file pretrial motions by defendant Kevin M Levison filed cs del to TMP (Former Employee) (Entered: 08/26/2002) |
| 08/28/2002 | 7 | 6 - ORDER ( by Magistrate-Judge T M. Putnam ) granting to 09/10/02 motion for order for add'l time within which to file pretrial motions by defendant Kevin M Levison [6-1] cm (Former Employee) (Entered: 08/29/2002) |
| 08/30/2002 | | Docket Modification (Utility) ; pretrial conference set for 10:45 9/5/02 for Kevin M Levison (Former Employee) (Entered: 08/30/2002) |
| 09/11/2002 | | Docket Modification (Utility) jury trial set for 10/7/02 for Kevin M Levison (Former Employee) (Entered: 09/11/2002) |
| 09/26/2002 | 8 | Guilty Plea Advice of Rights CERTIFICATION by dft Kevin M Levison (YMB) (Entered: 09/27/2002) |
| 10/07/2002 | | COURTROOM NOTES ( before Judge Edwin L. Nelson ): , GUILTY PLEA entered by KEVIN M LEVISON as to Count 1 ; Dft to remain on same bond conditions pending sent hrg in approx 12-15 wks;CrtRptr Lindy Fuller (ADF) (Entered: 10/07/2002) |
| 10/07/2002 | 9 | PLEA Agreement as to Kevin M Levison filed (copies to attys and PO) |

| | | (ADF) (Entered: 10/07/2002) |
|---|---|---|
| 10/07/2002 | 10 | ORDER ( by Judge Edwin L. Nelson ) ; sentencing hearing set for 8:30 1/15/03 for Kevin M Levison filed cm (SEAL) (Entered: 10/08/2002) |
| 01/07/2003 | 11 | NOTICE of RESCHEDULING sentencing hearing reset for 11:00 2/12/03 for Kevin M Levison issued cm (ADF) (Entered: 01/07/2003) |
| 01/13/2003 | 12 | NOTICE of RESCHEDULING sentencing hearing reset for 11:00 2/13/03 for Kevin M Levison issued cm (ADF) (Entered: 01/13/2003) |
| 02/03/2003 | 13 | Sentencing Memorandum by defendant Kevin M Levison filed cs (YMB) (Entered: 02/03/2003) |
| 02/07/2003 | 14 | NOTICE to parties that sentencing hearing scheduled 2/13/03 at 11:00 will be conducted by USDJ Karon O. Bowdre - filed cm (PRW) (Entered: 02/07/2003) |
| 02/12/2003 | 15 | Supplemental Sentencing Memorandum by defendant Kevin M Levison filed cs (YMB) (Entered: 02/12/2003) |
| 02/12/2003 | 16 | RESPONSE to dft Levison's Sentencing Memorandum by plaintiff USA filed cs (YMB) (Entered: 02/13/2003) |
| 02/13/2003 | | COURTROOM NOTES ( before Judge Karon O. Bowdre ): sentencing hearing held on 2/13/03 statements under oath on behalf of deft - SENTENCE: CBP 46 mo. w/recommendation of facility near Columbus, Ohio and mental health and drug counseling; Fined $3,000 w/interest waived; AF $100; SRT 3 yrs w/sp. cond. DAICASP, mental health/vocational rehab., no unsupervised one-to-one contact with children under 18, no occupation/employment/volunteer activities placing deft in a position of trust w/children under 18, registration & compliance w/Community Notivication Act, provide P.O. w/access to any computer & computer-related equipment deft utilizes, no subscription to or use of online bulletin boards or chat rooms, no use of use of online bulletin board service except in service of employer w/access to computer & any disks or files of employer to P.O. and acces to P.O. of any photograhs and/or video recordings of deft; TSC 4/3/03 by noon - deft cont'd on same bond pending reporting for service of sentence - CrtRptr Teresa Roberson (PRW) (Entered: 02/13/2003) |
| 02/13/2003 | | SENTENCING ( by Judge Karon O. Bowdre ): , sentencing Kevin M Levison (1) count(s) 1. CBP 46 mos; SRT 36 mos; fine $3,000.00; asmt fee $100.00 (YMB) (Entered: 02/14/2003) |
| 02/13/2003 | 17 | PRESENTENCE Report on Kevin M Levison filed under seal cm USPO (YMB) (Entered: 02/14/2003) |
| 02/13/2003 | 18 | SENTENCING RECOMMENDATIONS as to Kevin M Levison filed under seal cm USPO (YMB) (Entered: 02/14/2003) |
| 02/13/2003 | 19 | JUDGMENT and Commitment as to Kevin M Levison ( by Judge Karon O. Bowdre ) case terminated, filed cm del USM (YMB) (Entered: 02/14/2003) |

| 02/26/2003 | 20 | CERTIFICATE of (CrtRptr Teresa Roberson) notes and 1 tape of sent held 02/13/03 before KOB as to dft Kevin M. Levinson (Former Employee) (Entered: 02/26/2003) |
| 04/11/2003 | 21 | JUDGMENT and Commitment returned executed, on 4/3/03 V/S to FCI Elk at Elkton, OH as to Kevin M Levison (1) count(s) 1 filed (Former Employee) (Entered: 04/11/2003) |
| 09/05/2006 | ● | Case as to Kevin M Levison reassigned to Judge L Scott Coogler. Judge Edwin L Nelson no longer assigned to the case. (DWC, ) (Entered: 09/05/2006) |
| 09/05/2006 | ●22 | Probation Jurisdiction Transferred to SD/OH as to Kevin M Levison Transmitted Transfer of Jurisdiction form, with certified copies of indictment, plea agreement, judgment, financial report and docket sheet. (DWC, ) (Entered: 09/06/2006) |



TRUE COPY:

By: _D. Cooper_